# Exhibit A

certified
5-2-18 mm
300-104858-2017 new

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>30th  **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS AND COMPLAINT** | CASE NO.<br>18- 267 -NF<br>ROSEMARIE E. AQUILINA |

**Court address**
Mason Courthouse, 341 S. Jefferson, Mason, MI 48854

Court telephone no.
517.483.6500

| Plaintiff's name(s), address(es) and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| The Toledo Hospital<br>2142 N. Cove Blvd.<br>Toledo, Ohio | v | Home-Owners Insurance Company<br>P.O. Box 30660<br>Lansing, Michigan 48909 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Richard E. Hillary, II (P56092)<br>Miller Johnson<br>45 Ottawa Ave., SW, Suite 1100<br>Grand Rapids, MI  49503<br>(616) 831-1700 | | MI Res. Agent: The Corporation Company<br>40600 Ann Arbor Rd., E., Suite 201<br>Plymouth, MI 48170-4675 |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued  APR 2 5 2018 | This summons expires  JUL 2 5 2018 | Court clerk  NICOLE SMITH MT |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Toledo, OH | Doing business in Ingham County, MI |
| Place where action arose or business conducted<br>Toledo, OH | |

April 23, 2018
Date

Signature of attorney/plaintiff  Richard E. Hillary, II (P56092)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MJ_DMS 29644842v1 42198-1 42198-1                                                                Re: Hale

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No.   18-_____-NF |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☒ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Home-Owners Insurance Company | P.O. Box 30660<br>Lansing, Michigan 48909 | |
| MI Res. Agent: The Corporation Company | 40600 Ann Arbor Rd., E., Suite 201<br>Plymouth, MI 48170-4675 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature
Lauren McFall
Name (type or print)

Title

Subscribed and sworn to before me on _____, Kent _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of   Kent _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

_____ on _____
                                    Day, date, time

                                    on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

THE TOLEDO HOSPITAL,

    Plaintiff,

v.

AUTO-OWNERS INSRUANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

    Defendants.

CASE NO. 18-267-NF

HON. ROSEMARIE E. AQUILINA

Richard E. Hillary, II (P56092)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Ave SW, Suite 1100
Grand Rapids, Michigan 49503
(616) 831-1700

PLAINTIFF IS NOT AWARE OF ANY OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.

## COMPLAINT

Plaintiff states:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, The Toledo Hospital ("Toledo"), is an Ohio nonprofit corporation conducting business at 2142 N. Cove Blvd., Toledo, Ohio.

2. Defendant Auto-Owners Insurance Company ("Auto-Owners") is a Michigan insurance company that operates at P.O. Box 30660, Lansing, Michigan 48909. The Michigan Resident Agent for Auto-Owners is The Corporation Company, 40600 Ann Arbor Rd.,

E., Suite 201, Plymouth, MI 48170-4675. Auto-Owners is licensed to conduct business in Michigan and continuously and systematically conducts business in Ingham County, Michigan.

3. Defendant Home-Owners Insurance Company ("Home-Owners") is a Michigan insurance company that operates at P.O. Box 30660, Lansing, Michigan 48909. The Michigan Resident Agent for Home-Owners is The Corporation Company, 40600 Ann Arbor Rd., E., Suite 201, Plymouth, MI 48170-4675. Home-Owners is licensed to conduct business in Michigan and continuously and systematically conducts business in Ingham County, Michigan.

4. This claim seeks the collection of charges for care and treatment provided by Toledo to Thomas W. Hale.

5. This claim is in excess of $25,000.

6. This claim is within the venue and jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. On or about April 23, 2017, Thomas W. Hale was injured in a motor vehicle accident.

8. At the time of the accident, Thomas W. Hale was insured under a policy issued by Auto-Owners/Home-Owners.

9. From April 23, 2017, through May 25, 2017, and on June 9, 2017, Toledo provided medically necessary professional medical services to Thomas W. Hale for injuries sustained in the motor vehicle accident.

10. Toledo's charges for the medical treatment provided to Thomas W. Hale on these dates of service total at least $479,345.25 (the "Hospital Charges").

11. Thomas W. Hale has assigned to Toledo the right to pursue payment of the Hospital Charges from Auto-Owners/Home-Owners, under the assignment attached to this Complaint as **Exhibit A**.

12. Thomas W. Hale has designated Toledo as his representative authorized to pursue payment of the Hospital Charges from Auto-Owners/Home-Owners, under the designation of representative attached to this Complaint as **Exhibit A**.

13. Toledo's charges are their customary charges for like products, services, supplies and accommodations.

14. Toledo's charges are commercially reasonable.

15. Toledo billed Auto-Owners/Home-Owners and provided an itemization and summary of these charges and medical records documenting the treatment provided by Toledo to Thomas W. Hale.

16. Auto-Owners/Home-Owners has not paid the claim.

## COUNT 1 – BREACH OF CONTRACT FOR NO FAULT BENEFITS
### (ASSIGNMENT OF BENEFITS)

17. Toledo incorporates the preceding allegations by reference.

18. Under MCL 500.3101 *et seq.*, and the applicable insurance contract, Auto-Owners/Home-Owners is liable to Thomas W. Hale for payment of personal protection insurance benefits, which benefits include coverage for payment of the Hospital Charges.

19. Thomas W. Hale has assigned to Toledo the right to pursue payment of the Hospital Charges from Auto-Owners/Home-Owners.

3

20. Under MCL 500.3142, Auto-Owners/Home-Owners received reasonable proof of the fact and amount of loss as to the Hospital Charges.

21. For the identified service dates, and any other dates of service not specifically pleaded herein, at least the principal amount of $479,345.25 remains owing to Toledo from Auto-Owners/Home-Owners.

22. Pursuant to MCL 500.3142 and the applicable assignment, Toledo is entitled 12% interest on the Hospital Charges because Auto-Owners/Home-Owners failed to pay the charges within 30 days of receiving reasonable proof of the fact and amount of the loss.

23. Pursuant to MCL 500.3148 and the applicable assignment, Toledo is entitled to its reasonable attorney fees because Auto-Owners/Home-Owners has unreasonably denied or unreasonably delayed payment.

**WHEREFORE**, Toledo requests judgment in its favor and against Auto-Owners/Home-Owners in at least the principal amount of $479,345.25, plus pre-filing interest, interest under MCL 600.6013, costs under MCR 2.625, interest under MCL 500.3142, attorney fees under MCL 500.3148, and any other relief the Court finds appropriate.

### COUNT 2 – BREACH OF CONTRACT FOR NO FAULT BENEFITS
### (DESIGNATION OF AUTHORIZED REPRESENTATIVE)

24. Toledo incorporates the preceding allegations by reference.

25. Under MCL 500.3101 et seq., and the applicable insurance contract, Auto-Owners/Home-Owners is liable to Thomas W. Hale for payment of personal protection insurance benefits, which benefits include coverage for payment of the Hospital Charges.

4

26. Thomas W. Hale has designated Toledo as Thomas W. Hale's authorized representative to pursue payment of the Hospital Charges from Auto-Owners/Home-Owners.

27. Under MCL 500.3142, Auto-Owners/Home-Owners received reasonable proof of the fact and amount of loss as to the Hospital Charges.

28. For the identified service dates, and any other dates of service not specifically pleaded herein, at least the principal amount of $479,345.25 remains due and owing to Toledo from Auto-Owners/Home-Owners.

29. Pursuant to MCL 500.3142 and the applicable designation of representative, Toledo is entitled 12% interest on the Hospital Charges because Auto-Owners/Home-Owners failed to pay the charges within 30 days of receiving reasonable proof of the fact and amount of the loss.

30. Pursuant to MCL 500.3148 and the applicable designation of representative, Toledo is entitled to its reasonable attorney fees because Auto-Owners/Home-Owners has unreasonably denied or unreasonably delayed payment.

**WHEREFORE**, Toledo requests judgment in its favor and against Auto-Owners/Home-Owners in at least the principal amount of $479,345.25, plus pre-filing interest, interest under MCL 600.6013, costs under MCR 2.625, interest under MCL 500.3142, attorney fees under MCL 500.3148, and any other relief the Court finds appropriate.

### THE TOLEDO HOSPTIAL-COFINITY CONTRACT

31. The Preferred Provider Organization of Michigan ("PPOM"), now called Cofinity, is a non-party that contracts with healthcare providers and insurance carriers. Under

these contracts, the insurers agree to pay—and the healthcare providers agree to accept—reduced rates for the providers' services.

32. Toledo entered into a contract with PPOM/Cofinity (the "Toledo-Cofinity Contract").

33. Under the Toledo-Cofinity Contract, Toledo is entitled to recover from the applicable Insurer, for Hospital Services which are Medically Necessary and covered under a Patient's Health Plan, the amount determined under the parties' agreed payment structure.

34. The term "Insurer" includes an "auto insurer" who has agreed via a contract with Cofinity to pay a medical provider for services that are covered by the insurance policy.

35. The term "Health Plan" includes an "auto insurance policy."

36. Under the terms of the Toledo-Cofinity Contract, if a no-fault auto insurer participates in Cofinity, then Toledo is entitled to recover its medical charges from that no-fault auto insurer at the negotiated rate.

37. Under the Toledo-Cofinity Contract, Cofinity assigned to Toledo any contractual rights to enforce payment which it, Cofinity, may have against any Insurer who fails to pay Plaintiff's medical charges, including Auto-Owners/Home-Owners.

38. Auto-Owners/Home-Owners is currently, and at all relevant times has been, an "Insurer," as that term is defined in the Toledo-Cofinity Contract.

## THE AUTO-OWNERS/HOME-OWNERS COFINITY CONTRACT

39. Upon information and belief, Auto-Owners/Home-Owners entered into a contract with PPOM/Cofinity ("the Auto-Owners/Home-Owners-Cofinity Contract") before the medical charges relevant to this case were incurred.

40. Upon information and belief, the Auto-Owners/Home-Owners-Cofinity Contract provides that Auto-Owners/Home-Owners shall pay Cofinity-participating healthcare providers the amounts billed by those providers for medical services provided to Auto-Owners/Home-Owners' insureds, at a negotiated rate. Upon information and belief, Auto-Owners/Home-Owners possesses a copy of this Contract.

41. Toledo participates in Cofinity and, upon information and belief, is entitled to payment under the terms of the Auto-Owners/Home-Owners-Cofinity Contract.

42. Upon information and belief, the Auto-Owners/Home-Owners-Cofinity Contract further states that Auto-Owners/Home-Owners consents to the assignment by Cofinity to a Cofinity-participating healthcare provider of any rights under the Auto-Owners/Home-Owners-Cofinity Contract to pursue payment of any claim of such healthcare provider which Auto-Owners/Home-Owners has failed to pay under the Auto-Owners/Home-Owners-Cofinity Contract.

43. Accordingly, Auto-Owners/Home-Owners is obligated to pay Toledo as required by the Toledo-Cofinity Contract and the Auto-Owners/Home-Owners-Cofinity Contract.

## COUNT 3 – BREACH OF CONTRACT (ASSIGNMENT)-COFINITY

44. Toledo incorporates by reference the preceding paragraphs.

7

45. The Auto-Owners/Home-Owners-Cofinity Contract is a binding and legally enforceable contract.

46. Cofinity has assigned to Toledo all of its rights to enforce payment against Auto-Owners/Home-Owners.

47. Cofinity has fully performed all of its obligations under the Auto-Owners/Home-Owners-Cofinity Contract.

48. Cofinity has not materially or substantially breached the Auto-Owners/Home-Owners-Cofinity Contract.

49. Auto-Owners/Home-Owners has breached the Auto-Owners/Home-Owners-Cofinity Contract by failing and refusing to pay Toledo in accordance with the Auto-Owners/Home-Owners-Cofinity Contract.

50. As a direct and proximate result of Auto-Owners/Home-Owners' breach, Toledo has suffered damages of at least $479,345.25, less any discount.

WHEREFORE, The Toledo Hospital requests Judgment in its favor and against Auto-Owners/Home-Owners in the principal amount of at least $479,345.25, less any discount, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT 4 – BREACH OF CONTRACT (THIRD PARTY BENEFICIARY)

51. Toledo incorporates by reference the preceding paragraphs.

52. In the Auto-Owners/Home-Owners-Cofinity Contract, Auto-Owners/Home-Owners undertook to pay Toledo in accordance with the Auto-Owners/Home-Owners-Cofinity Contract and at the rate specified in the Toledo-Cofinity Contract.

8

53. Toledo is an intended third-party beneficiary of the Auto-Owners/Home-Owners-Cofinity Contract because, under the contract, Auto-Owners/Home-Owners has undertaken to pay Toledo.

54. Auto-Owners/Home-Owners has breached the Auto-Owners/Home-Owners-Cofinity Contract by failing and refusing to pay Toledo in accordance with that contract.

55. As a direct and proximate result of Auto-Owners/Home-Owners' breach, Toledo has suffered damages of at least $479,345.25, less any discount.

WHEREFORE, The Toledo Hospital requests Judgment in its favor and against Auto-Owners/Home-Owners in the principal amount of at least $479,345.25, less any discount, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT 5 – BREACH OF TRIPARTITE CONTRACT

56. Toledo incorporates by reference the preceding paragraphs.

57. The Toledo-Cofinity Contract is a binding and legally enforceable contract.

58. Toledo has fully performed all of its obligations under the Toledo-Cofinity Contract.

59. Toledo has not materially or substantially breached the Toledo-Cofinity Contract.

60. Because the Toledo-Cofinity Contract and the Auto-Owners/Home-Owners-Cofinity Contract refer to each other, they form one tripartite contract.

9

61. Auto-Owners/Home-Owners has breached that tripartite contract by failing and refusing to pay Toledo in accordance with the contract.

62. As a direct and proximate result of Auto-Owners/Home-Owners' breach, Toledo has suffered damages of at least $479,345.25, less any discount.

WHEREFORE, The Toledo Hospital requests Judgment in its favor and against Auto-Owners/Home-Owners in the principal amount of at least $479,345.25, less any discount, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT 7 – DECLARATORY RELIEF UNDER MCR 2.605

63. Toledo incorporates the preceding allegations by reference.

64. MCR 2.605(A)(1) states that, "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

65. Under the applicable insurance contract and/or MCL 500.3101 et seq., Auto-Owners/Home-Owners is liable for payment of personal protection insurance benefits to cover reasonable charges incurred for Thomas W. Hale's medical care for injuries sustained in the motor vehicle accident.

66. Under MCL 500.3112, "[p]ersonal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents."

67. Toledo provided Auto-Owners/Home-Owners with the billings and medical records documenting the care and treatment provided by Toledo to Thomas W. Hale.

68. Under MCL 500.3142, Auto-Owners/Home-Owners is obligated to timely pay the Hospital Charges. It has failed to do so.

69. The refusal and/or failure of Auto-Owners/Home-Owners to timely pay the Hospital Charges is an actual controversy involving whether the Hospital Charges are payable for Thomas W. Hale's care, recovery and rehabilitation under MCL 500.3101 et seq.

70. Toledo is an interested party in determining that Auto-Owners/Home-Owners is responsible for payment of the Hospital Charges and, in fact, issues payment.

71. This Court has the power under MCR 2.605 to declare that Auto-Owners/Home-Owners is responsible for paying the Hospital Charges to Toledo for the benefit of Thomas W. Hale under MCL 500.3112.

72. Under MCR 2.605(B), "an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment." The amount in controversy is greater than $25,000, this Court otherwise would have jurisdiction over this claim, and therefore jurisdiction is proper under MCR 2.605(B).

**WHEREFORE**, Toledo requests judgment in its favor and against Auto-Owners/Home-Owners declaring that:

(1) On or about April 23, 2017, Thomas W. Hale was injured in a motor vehicle accident;

(2) At the time of the motor vehicle accident, Thomas W. Hale was insured under

11

a no-fault automobile insurance policy issued by Auto-Owners/Home-Owners;

(3) Toledo provided Thomas W. Hale with medical care and treatment for injuries arising out of the motor vehicle accident;

(4) Auto-Owners/Home-Owners is responsible to provide payment of the Hospital Charges for the benefit of Thomas W. Hale to Toledo under MCL 500.3112, as well as such additional charges as they may continue to accrue for the care, recovery or rehabilitation of Thomas W. Hale; and

(5) Any other relief the Court finds appropriate.

Dated: April 23, 2018

br:

MILLER JOHNSON
Attorneys for Plaintiff

By _____ (P64529)
Richard E. Hillary II (P56092)
Business Address:
45 Ottawa, S.W., Suite 1100
P.O. Box 306
Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700

12



HALE,THOMAS W
DOB: 12/3/1946 (70 yrs) Male
HAR: 3126596788  CSN:1000019321449
ATT: Daniel W Benson, MD
MRN: 6000560945  Adm Date: 4/23/2017

**◁ PROMEDICA** PROMEDICA TOLEDO HOSPITAL - EMERGENCY DEPARTMENT

| Patient: Hale, Thomas W | DOB: 12/3/1946 (70 yrs) | HAR: 3126596788 |
|---|---|---|
| Encounter Date: 4/23/2017 | CSN: 1000019321449 | MRN: 6000560945 |

*Registration - Consent for Treatment - General*

I hereby consent to the rendering of health care, which may include routine diagnostic procedures and such medical treatment as is determined necessary by the treating physician, his/her advanced practice practitioners, resident physicians, assistants, associates, designees or consultants, and authorized representatives of this health care facility.

I understand that photographs, videotapes, digital, or other images may be recorded to document my care, and I consent to this. I understand that this health care entity will retain the ownership rights to these images, but that I will be allowed access to view or obtain copies of those images used to document my medical care. I understand that these images will be stored in a secure manner that will protect my privacy and that they will be kept for the time period required by law or as outlined in this organization's policy. Images that identify me will be released and/or used outside the organization only upon written authorization from me or my legal representative. I also understand that in some patient rooms video surveillance may be used for the purposes of patient safety and treatment. These images are not recorded and signage will be posted where video surveillance is in use.

I understand that many of the providers who render professional services in this health care entity are independent contractors and are not employees or agents of the health care entity. The health care entity is not responsible for the acts and/or omissions of providers who are not directed or controlled by the health care entity. The health care entity has engaged the services of a management company to assist in providing orthopedic, cardiovascular, and some surgery services. Please be advised that your physician may have an ownership interest in this management company. If you have any questions regarding this disclosure, please ask either your physician or someone from administration of this health care entity for further details.

If applicable, I authorize the health care entity to release records relating to the health care entity's administration of any Human Immunodeficiency Virus (HIV) testing performed on me to my insurance company and to bill my insurance company for such tests. Such authorization shall be effective for one year from the date of service. I understand that I have a right to request anonymous testing for HIV.

Payment of Benefits and Claims: I hereby assign to the health care entity my right to payment for healthcare services and supplies I receive from health care entity, and I direct anyone paying or receiving money for services or supplies I receive to pay the money to ProMedica, their designee or my treating physician for payment of my bill. I understand that the healthcare services I receive may not be covered or paid for, or may only be partially covered or paid for, by my insurance company or any other third party payer. In the event that the billed charges for the healthcare services I receive are not covered or paid for on my behalf, or are only partially covered or paid, I understand and agree that I am responsible for the payment of the billed charges or the remaining balance of billed charges for any such services or, if the health care entity has a contractual payment arrangement with my insurance company, or my third party payer, I will be responsible for the payment of any co-payments, deductibles, and co-insurance for covered services and billed charges for any non-covered services.

I recognize that my assignment of the right to payment to the health care entity does not include any assignment of an obligation or limitation I may have with my insurance company or third party payor and I represent and warrant that no provision contained in the documents establishing my right to payment or coverage contain any assignment of obligation or other purported limitation of health care entity's rights.

Any phone number you have provided may be used for the purpose of collecting payments in connection with any services provided by any health care entity. I authorize the health care entity and all providers who have provided care or interpreted my tests, along with any billing services and their collection agency or attorney who may work on their behalf, to contact me on my cell phone and/or home phone using pre-recorded messages, artificial voice messages, automatic telephone dialing devices or other computer assisted technology, or by electronic mail, text messaging or by any other form of electronic communication.

Personal Valuables: The health care entity is not responsible for money, jewelry, clothes or other valuables brought with any patient unless secured in the health care entity's safe.

Notification: My/my child's blood may be tested for Hepatitis B and HIV (AIDS virus) without my consent if a health professional or other health employees of health care entities sustain a percutaneous, mucous membrane, or open wound exposure to my/my child's blood or other body fluids.

I certify that I have read this Consent to Treatment, I understand it, and agree that by signing it I am bound by its terms.

Verbal per Thomas Hale    Date 4/23/17   Time 7:54 am/pm
Signature of Patient/Legally Authorized Representative

Relationship to Patient: Wife   Witness: _____   Date 4/23/17   Time 7:54 am/pm

Witness: _____   Date 4/23/17   Time 7:54 am/pm

Patient unable to sign because: Level 1 Trauma MVC
Reason

Privacy Status:  ___ Confidential No    ___ Confidential Yes
                 Initial                  Initial

Printed by: 105478

5/16/2017 03:17:50 AM Page 1 of



EXHIBIT A